OPINION OF THE COURT
Sidney Leviss, J.
This is a CPLR article 78 proceeding brought to prohibit the respondent from questioning petitioner’s patients before the court appoints legal guardians for them.
Petitioner is a psychiatrist who has treated 11 patients who are recipients of Medicaid. These patients, residents of the Central Manor Home for Adults, have been diagnosed as schizophrenic. On or about October 6, 1980, petitioner learned that respondent would send a representative to question his patients. Petitioner alleges that he believes that harm may come to his patients unless the court appoints a guardian to protect their rights. Petitioner alleges that respondent’s investigator may undermine the confidence his patients have in him, may make his patients apprehensive of their Medicaid eligibility, may inquire into confi *554 dential matters, and may do other harm. Respondent asserts that section 364 of the Social Services Law obligates her department to insure the quality of care given to Medicaid patients. Respondent states that the investigator will question the patients solely on whether petitioner visited them and how long those visits lasted. The respondent further alleges that the investigator has questioned other, psychiatric patients without harm to them. Respondent does not intend to question the patients about personal matters, nor does respondent intend to change the patients’ Medicaid eligibility.
An article 78 proceeding seeking relief in the nature of prohibition does not lie under the alleged circumstances. The remedy of prohibition is available to prevent only judicial or quasi-judicial acts, not acts legislative, executive, or administrative in nature (see Matter of Nicholson v State Comm. on Judicial Conduct, 50 NY2d 597; People ex rel. Bender v Milliken, 185 NY 35). In the case at bar, petitioner is seeking to prohibit or restrict an administrative act rather than a judicial or quasi-judicial one. Petitioner concedes that respondent has the authority to investigate Medicaid fraud, and so this is not a case of a prosecutor acting in excess of his jurisdiction (see Matter of Dondi v Jones, 40 NY2d 8).
Contrary to petitioner’s contentions, the court cannot appoint a guardian for the patients pursuant to CPLR 1201. That section authorizes a court to appoint a guardian for parties engaged in litigation, not, as in the case at bar, individuals who will be questioned by an investigator. Moreover, article 78 of the Mental Hygiene Law is the proper vehicle to determine the competency of individuals such as petitioner’s patients.
Even if the court reached the merits, the petition would be dismissed. The investigator will ask the patients only if the petitioner visited them and, if so, for how long. The patients will be assured that neither they nor petitioner is suspected of wrongdoing. The patients are also to be informed that their medical assistance is not in jeopardy. The patients were apparently well enough to have been discharged from mental hospitals. The investigator is *555 highly experienced, and he has interviewed other psychiatric patients, apparently without harm to them.
However well intentioned petitioner may be, the cumbersome procedural obstacles he wishes to place in the way of respondent’s routine audit (e.g., hearings for each patient to determine the necessity of a guardian) would seriously impair respondent’s ability to root out Medicaid fraud. These unnecessary obstacles would themselves present a danger to the patients’ well-being.
Accordingly, the petition is dismissed.